# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARCUS DRAKE,

        Petitioner,

v.                              CASE NO. 17-3104-SAC

STATE OF KANSAS,

        Respondent.

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus[1]. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. For the following reasons, the Court concludes petitioner is not entitled to habeas corpus relief and will dismiss the petition.

### Background

In February 2016, petitioner was convicted, on his guilty plea, in Sedgwick County, Kansas, and sentenced to 18 months of probation. He presently is incarcerated in Montana under a sentence imposed in that state.

In this action, petitioner seeks relief from a detainer lodged with Montana authorities based upon a probation violation. He states that he filed a request with the Sedgwick County District Court in December 2016, and that in January 2017, he filed a motion with the Sedgwick County District Court which was denied. *See* Doc. #3, p. 15.[2]

---

[1] The Court liberally construes this pro se petition as a filing under 28 U.S.C. § 2241.
[2] The state court order attached to the petition shows that the probation violation warrants were issued on April 27, 2016. The state district court rejected petitioner's request on the ground that the detainers are not based upon untried charges.

**Discussion**

Petitioner seeks relief under the Interstate Agreement on Detainers Act (IADA), K.S.A. 22-4401 *et seq*. He claims the detainers are equivalent to an untried indictment.

The United States Supreme Court has held that the Due Process Clause requires that a parolee taken into custody for alleged violations of the conditions of parole must be afforded an informal probable cause hearing "as promptly as convenient after arrest" and a parole revocation hearing "within a reasonable time". *Morrissey v. Brewer*, 408 U.S. 471, 485-89 (1972). The Supreme Court later extended this ruling to those on probation. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Despite this, when a person is serving an intervening sentence, the right to a revocation hearing does not attach until the intervening sentence is complete and the probationer is taken into custody under the violator warrant. *See Small v. Britton*, 500 F.2d 299, 301 (10th Cir. 1974).

Likewise, it is settled that the IADA, which allows a prisoner incarcerated in one jurisdiction the right to demand the speedy resolution of "any untried indictment, information or complaint" that is the basis of a detainer, does not apply to detainers based upon probation violation charges. *Carchman v. Nash*, 473 U.S. 716, 725-26 (1985)(holding that the IADA does not apply to probation violations). In *Carchman*, the Supreme Court ruled that the term "untried indictment" in the IADA refers to criminal charges upon which a defendant would be "brought to trial" and not to those for which the defendant has been convicted. *Carchman*, 473 U.S. at 725-26. Petitioner's detainer therefore is not an untried indictment subject

to the IADA, and he is not entitled to habeas corpus relief.

## Certificate of Appealability

Under 28 U.S.C. § 2253, the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" and the Court identifies the specific issue or issues that deserve additional review. A petitioner meets that standard by showing that the issues presented are debatable among jurists, that a court could resolve the issues differently, or that the issues merit further consideration. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citation omitted).

The Court finds no basis to issue a certificate of appealability in this case. The denial of relief is based upon a Supreme Court holding and is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. #4) is granted.

IT IS FURTHER ORDERED this matter is dismissed and all relief is denied.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED: This 23rd day of August, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge